GUY MEADOWS v. THE STATE.

No. 17451. Delivered November 27, 1935.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*A. O. Newman,* District Attorney, of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Pending the passage of a law by our Legislature making effective the amendment to our Constitution, adopted on August 24, 1935, repealing sections 20-a to 20-c inclusive, of article 16 of our Constitution, and substituting new and different provisions relating to the traffic in intoxicating liquors,—this case and others similar upon the dockets of this court have been held in abeyance. The law referred to was passed by the Legislature, and signed by the Governor on November 15, 1935, having passed with sufficient majority to make it immediately effective.

Section 49, article 1 of said act is as follows: "Chapter 7 of Title 11, Penal Code of Texas of 1925, and all amendments thereto are hereby expressly repealed. Title 80, Revised Civil Statutes, 1925, and all amendments thereto are hereby expressly repealed."

The chapter 7 referred to in the above quotation, contains all of what is known as the Dean Law relating to the various phases of violations of law against the manufacture, sale, transportation and possession of intoxicating liquors, etc., and fixing penalties therefor. Article 14, P. C., provides that upon the repeal of a law, if the repealing statute substitutes no other penalty, this exempts from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute. Examination of the recent act embracing section 49, supra, reveals that the entire Dean Law, including all of its penalties, was repealed, and that said repealing act substitutes no penalties, and makes no provision for the further prosecution or punishment of those persons whose cases had not been finally disposed of at the time of the passage of this act, either upon the dockets of this court or those of any trial courts of this State wherein the accused stands charged with violation of any of the provisions of said Dean Law.

Such being the case, this court has no option but to direct that the motion for rehearing in this case be granted, the judgment of affirmance set aside, all opinions heretofore rendered

are withdrawn, and that the cause be reversed and the prosecution ordered dismissed, all of which is accordingly done.

*Reversed and prosecution ordered dismissed.*