## Theodore MILLER v. STATE.
### No. 17920.

Court of Criminal Appeals of Texas.
Dec. 18, 1935.

Harris & Harris and E. H. Smartt, all of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for five years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## Eugene MOORE v. STATE.
### No. 17844.

Court of Criminal Appeals of Texas.
Dec. 18, 1935.

Geo. D. Hagans, of Denison, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

This prosecution was for a violation of the law against possessing intoxicating liquors for purposes of sale (Pen.Code 1925, art. 666 et seq., as amended), which was in force prior to the adoption of the recent Liquor Control Act passed by the 44th Legislature, 2d Called Sess., 1935 (Vernon's Ann.P.C. art. 666—1 et seq.). In the case of Meadows v. State, 88 S.W. (2d) 481, delivered November 27, 1935, we held that all prosecutions of this character would have to be dismissed.

For the reasons stated in that opinion, the judgment in this case is reversed and the prosecution ordered dismissed.

## Mrs. Eugene MOORE v. STATE.
### No. 17845.

Court of Criminal Appeals of Texas.
Dec. 18, 1935.

Geo. D. Hagans, of Sherman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

This prosecution was for a violation of the law against selling intoxicating liquor (Pen.Code 1925, art. 666 et seq., as amended), which was in force prior to the adoption of the recent Liquor Control Act passed by the 44th Legislature, 2d Called Sess., 1935 (Vernon's Ann.P.C. art. 666—1 et seq.). In the case of Meadows v. State, 88 S.W.(2d) 481, delivered November 27, 1935, we held that all prosecutions of this character would have to be dismissed.

For the reasons stated in that opinion, the judgment in this case is reversed and the prosecution ordered dismissed.