chat to him, in effect, that appellant and the others stole the hay; also that Bochat told witness that appellant told him about stealing the hay, but, as we understand the law, this cannot be take as any testimony corroborative of the witness Bochat's claim that appellant made the alleged false statement to him. This would be letting Bochat corroborate himself.

Being unable to bring ourselves to believe that there is in the case that amount of proof demanded by the statute above referred to·in that no one testified to the falsity of appellant's alleged perjured statements save the witness Bochat, the judgment of the trial court will be reversed and the cause remanded.

ume; punishment, two years in the penitentiary.

After the conviction of this appellant, the law making it a felony to manufacture, possess, sell, etc., any kind of intoxicating liquor in this state was repealed, and no saving clause appears in the repealing statute taking care of pending prosecutions. This fact necessitates the reversal and dismissal of this case, and it is ordered that the judgment of the trial court be reversed and the prosecution dismissed following Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481, opinion handed down November 27, 1935.

LATTIMORE, Judge.

Conviction for possessing, for the purpose of sale, intoxicating liquor containing more than 3.2 per cent. alcohol by vol-