why she went to the house, whose burning a little later is attributed to her.

 Bills Nos. 4 and 5 complain of argument of state's counsel, in one instance inviting the jury to consider what kind of woman they were trying, and, in the other, asserting that "When we get after them they holler." It is made to appear in each bill that when the objection to the argument was made, the court sustained the objection, and instructed the jury not to consider the argument. We see nothing in either bill capable of harming the accused. She was clearly guilty. She got the lowest penalty, and this does not support an inference of prejudice.

Finding no reversible error in the record, the judgment will be affirmed.

Pending appeal, the law under which appellant was convicted has been repealed.

The judgment is reversed and the prosecution ordered dismissed.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## STEELE v. STATE.
### No. 17875.

Court of Criminal Appeals of Texas.
Jan. 22, 1936.

Cunningham & Lipscomb, of Bonham, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling whisky; the punishment, confinement in the penitentiary for one year.

## BOLDING v. STATE.
### No. 17874.

Court of Criminal Appeals of Texas.
Jan. 22, 1936.

Cunningham & Lipscomb, of Bonham, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful sale of intoxicating liquor; penalty assessed at cofinement in the penitentiary for one year.

Since the conviction of the appellant on the 6th day of March, 1935, the law upon which the prosecution is founded has been repealed. See Guy Meadows v. State, 88 S.W.(2d) 481, opinion delivered Nov. 27, 1935.

The judgment is reversed, and the prosecution ordered dismissed.