In support of the text numerous authorities are cited, among them being Cuellar v. State, 110 Tex.Cr.R. 47, 7 S.W.(2d) 565; Hughes v. State, 100 Tex.Cr.R. 530, 271 S.W. 620; Deal v. State, 99 Tex.Cr.R. 385, 268 S.W. 746, 269 S.W. 433.

After a re-examination of the evidence, we remain of the opinion that the proof was sufficient to warrant the conclusion that appellant was guilty of theft of more than $50 in money.

The motion for rehearing is overruled.

## BRUCE v. STATE.
### No. 17866.

Court of Criminal Appeals of Texas.
Jan. 22, 1936.

F. M. Robertson and John Banks, both of Haskell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of unlawfully selling spirituous liquor capable of producing intoxication, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

This prosecution was had under what is commonly known as the "Dean Law" (Pen. Code 1925, art. 666 et seq., as amended), which has since been repealed (Vernon's Ann.P.C. art. 666—49). Therefore it becomes our duty, under the decision of this court in the case of Meadows v. State, 88 S.W.(2d) 481, recently decided, to reverse and dismiss this prosecution, and it is so ordered.

The judgment is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.