sessed at confinement in the State Penitentiary for a term of five years.

From the record it appears that appellant, by the use of force and threats, attempted to have an act of intercourse with the assaulted girl at the time and place alleged in the indictment.

■ By bill of exception No. 1 appellant complains of the following argument of the district attorney: "That the officers of this county are doing their duty in getting rid of the filthy bunch that came in during the oil boom and we are succeeding." His objection to the argument was that it was not warranted by the evidence; that it was made for the purpose of injuring him and to prejudice the minds of the jury against him. Appellant admitted that he was a bum; and that there were others at or near the railroad at the time of the alleged offense. Hence, the argument was not entirely without evidence and could not have injuriously affected his rights or prejudiced the jury against him.

■ By bill of exception No. 2 appellant complains of the following argument by the district attorney, to wit: "The defense counsel knows that their witnesses were finger printed by the officers." His objection thereto was the same as shown in bill of exception No. 1. The record shows that appellant was the only person who gave testimony in his behalf, and while testifying he admitted that he had been fingerprinted. Hence the argument was a legitimate discussion of the testimony.

■ Bill of exception No. 3 shows that the district attorney in his argument referred to outlandish stories, such as appear in the daily papers. Appellant, while testifying, did say that Dewey Ball and the assaulted girl's brother told him what they had been guilty of, where they had been, and how long they had served in the penitentiary, besides the story he told about this white girl telling him what she would do for him if he gave her his pistol. This may have sounded as an outlandish story to the district attorney, and he had a right to discuss appellant's entire testimony and his demeanor while on the witness stand, and draw a reasonable deduction therefrom, and, therefore, was not an unwarranted comment. In the case of Tweedle and Martin v. State, 29 Tex. App. 586, 16 S.W. 544, 545, this court said: "Concede that this language was improper;

it does not follow that the judgment could be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of defendants. To reverse in all cases where counsel fail to confine themselves to the record would render trials farces." See, also, McConnell v. State, 22 Tex.App. 354, 3 S.W. 699, 58 Am.Rep. 647; Frizzell v. State, 30 Tex.App. 42, 16 S.W. 751; Rahm v. State, 30 Tex.App. 310, 17 S.W. 416, 28 Am.St.Rep. 911; Love v. State, 35 Tex. Cr.R. 27, 29, 29 S.W. 790.

A careful consideration of all of the bills of exception leads us to the conclusion that no reversible error was committed. It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**STEPP v. STATE.**

No. 17940.

Court of Criminal Appeals of Texas.

Feb. 19, 1936.

Vance Swaim, of Crowell, and Williams & Bell, of Childress, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful transportation of intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

Since the conviction of the appellant, the law upon which the prosecution is founded has been repealed. See Meadows v. State (Tex.Civ.App.) 88 S.W.(2d) 481.

The judgment is reversed, and the prosecution ordered dismissed.