The conviction is for negligent homicide; penalty assessed at a fine of $50.

The record contains no such notice of appeal as will confer jurisdiction upon this court to consider the appeal. Article 827, C.C.P., requires that the notice of appeal be entered of record. The transcript shows a docket entry of a notice of appeal, but it is not shown that this was ever entered upon the minutes of the court. The decisions are to the effect that the docket entry of notice of appeal, not carried into the minutes of the court, is insufficient notice of appeal to vest the appellate court with jurisdiction. See Casey v. State, 116 Tex.Cr.R. 111, 32 S.W. (2d) 461; Bagley v. State, 126 Tex.Cr.R. 1, 70 S.W.(2d) 177; Carre v. State (Tex.Cr. App.) 75 S.W.(2d) 265.

Upon the record before us, the appeal is dismissed.

## FALCO v. STATE.
### No. 17989.

Court of Criminal Appeals of Texas.
Feb. 26, 1936.

Henderson & Hoyle, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for two years.

Since the conviction of the appellant, the law upon which the prosecution is founded has been repealed. See Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481.

The judgment is reversed, and the prosecution ordered dismissed.