Art Schlofman, of Dalhart, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is embezzlement; the punishment, confinement in the penitentiary for two years.

The trial was had before a special judge. The record is silent touching his election, appointment, and qualification. When the trial is had before a special judge, it is imperative that the record show his election and qualification. Articles 555 and 556, C. C.P.; Khan v. State, 115 Tex.Cr.R. 92, 30 S. W.(2d) 329; Petitte v. State, 113 Tex.Cr.R. 347, 21 S.W.(2d) 522.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

H. S. Beard, of Waco, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

Since the conviction of the appellant, the law upon which the prosecution is founded has been repealed. See Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481.

The judgment is reversed, and the prosecution ordered dismissed.

### SANDERS v. STATE.
### No. 18034.

Court of Criminal Appeals of Texas.

Feb. 26, 1936.

### WILLENBORG v. STATE.
### No. 18032.

Court of Criminal Appeals of Texas.

Feb. 26, 1936.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

This is a prosecution had under the provisions of what is known as the Dean Law (Vernon's Ann.P.C. art. 666 et seq.). Following what has been said by us in the case of Guy Meadows v. State, 88 S.W. (2d) 481, the judgment herein will be reversed and the prosecution ordered dismissed.