wards. This was proper, the plaintiff having amended and prayed for attorney's fees in addition to principal and interest. Rabb v. White (Tex.Civ.App.) 45 S.W. 850; Panhandle Nat. Bank v. Still, 84 Tex. 339, 19 S.W. 479; Robertson v. Balkam (Tex. Civ.App.) 192 S.W. 583; Culbertson v. Cabeen, 29 Tex. 247; Stephenson v. Bassett, 51 Tex. 544; Pioneer S. & L. Co. v. Peck & Fly, 20 Tex.Civ.App. 111, 49 S.W. 160.

Judge Brown said in Laning v. Iron City Nat. Bank, 89 Tex. 601, 35 S.W. 1048, that the plaintiff could, after the notes became due, have proceeded without amendment.

When judgment was rendered the note had matured, was due and unpaid, and attorney's fees having been prayed for, the court properly rendered judgment for the total amount of principal, interest, and attorney's fees. Harfst v. State Bank, 56 Tex.Civ.App. 31, 119 S.W. 694.

It is not necessary to plead or prove the attachment proceedings in order to be entitled to a foreclosure of the attachment lien; the court takes judicial notice of the proceedings as part of the record in the case (5 Tex.Jur. p. 247, § 83), and the judgment of foreclosure was proper, plaintiff having recovered in the suit. Article 301, Rev.Stat.1925.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court.

### PRICE v. STATE.
#### No. 18002.

Court of Criminal Appeals of Texas.
March 11, 1936.

Fred Stockdale, of Aspermont, and Joseph M. Mills and W. E. Myres, both of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

Since the conviction of the appellant, the law upon which the prosecution is founded has been repealed. See Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481.

The judgment is reversed and the prosecution ordered dismissed.

### DAVIS v. STATE.
#### No. 18078.

Court of Criminal Appeals of Texas.
March 11, 1936.

Wm. E. Davenport, of San Angelo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Appellant was convicted of establishing a raffle and disposing by raffle of $8 in money, as denounced by article 655, P.C.; penalty assessed at a fine of $50.

The complaint and information appear regular. The record is before us without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.