## JEFFRIES v. STATE.
### No. 18015.

Court of Criminal Appeals of Texas.

March 11, 1936.

Jimmie MacNicoll and Howard Daily, both of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing intoxicating liquor for the purpose of sale, and punishment assessed at five years in the penitentiary.

Since the conviction herein, the law under which the prosecution proceeded was repealed by the Legislature. See Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481.

The judgment is reversed, and the prosecution ordered dismissed.

## YORK v. STATE.
### No. 18013.

Court of Criminal Appeals of Texas.

March 11, 1936.

Jesse Owens, of Vernon, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of unlawfully transporting spirituous intoxicating liquor, to wit, whisky; and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Pending the appeal of this case, the law (Pen.Code 1925, art. 666 et seq., as amended) under which this conviction was had has been repealed. See Acts of the 44th Legislature, 2d Called Sess. c. 467, § 49, article 1, Liquor Control Act (Vernon's Ann. P.C. art. 666—49); and the rule announced by this court in the case of Guy Meadows v. State, 88 S.W.(2d) 481.

It is therefore ordered that the judgment of the trial court be, and the same is, reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.