R. E. Eubank and Joe Bier, both of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for five years.

Appellant and her husband, the deceased, ran a place where beer and sandwiches were sold. The testimony on the part of the state was to the effect that on the 22d of December, 1934, deceased had been drinking, and was apparently under the influence of intoxicating liquor. While he was sitting at a table drinking a bottle of beer, he and appellant began to quarrel. The proof on the part of both the state and appellant was to the effect that the quarrel grew out of the fact that appellant was remonstrating with deceased for drinking too much. According to witnesses for the state, deceased became enraged, and, after threatening to kill appellant, attempted to strike her with a beer bottle. She went into the kitchen, followed by deceased. According to a witness for the state, after the parties got into the kitchen, she heard deceased curse and slap appellant. There was a knife on the kitchen table. When one of the witnesses for the state entered the kitchen, appellant had the knife in her hand and deceased was holding his side. He died shortly thereafter from the wound appellant inflicted on him.

Appellant testified that, after deceased had threatened to kill her and had attempted to strike her with the beer bottle, she went to the kitchen and that deceased followed her. He approached her, and struck her with his fist. Immediately thereafter he picked up a knife sharpener that was on a shelf, and, telling her he was going to kill her, he drew it back as if to strike her. She seized a butcher knife and struck him. She testified that she struck him with the knife in order to protect herself.

In view of the testimony of the state to the effect that deceased attacked appellant in the manner we have heretofore described, we are unable to reach the conclusion that the judgment of conviction should stand. We think the testimony of the state, as well as that of appellant, manifests that appellant acted in self-defense.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## JORDAN v. STATE.
### No. 18307.

Court of Criminal Appeals of Texas.
April 22, 1936.

B. A. Hamilton, of Jasper, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Since the conviction of the appellant, the law upon which the prosecution is founded has been repealed. See Meadows v. State (Tex.Cr.App.) 88 S.W.(2d) 481.

The judgment is reversed, and the prosecution ordered dismissed.