**STANSBURY et al. v. KIMBROUGH, Sheriff.**

No. 8283.

Court of Civil Appeals of Texas. Austin.

May 27, 1936.

Rehearing Overruled June 17, 1936.

Shropshire & Sanders, of Brady, for appellants.

A. O. Newman, of Coleman, for appellee.

BAUGH, Justice.

The facts pleaded in appellants' petition and agreed to by the parties to be true are substantially as follows:

Appellee, as sheriff of McCulloch county, on July 5, 1934, seized under a search

728

warrant, and took from the possession of W. L. Stansbury, in the town of Brady, 70 cases of Grand Prize beer; and on September 26, 1934, in like manner took from Pat Dew 20 cases of the same kind of beer. At that time Brady was dry territory, and such possession by appellants was then illegal. Thereafter, on October 16, 1934, an election was held and the majority voted to permit the sale of beer in the town of Brady. On October 25, 1934, the district judge entered an order, on petition of the sheriff, and without notice, to appellants, directing the sheriff to pour out and destroy said beer, and to turn over to the warehouseman who had held same for the sheriff the empty bottles in satisfaction of his handling, drayage, and storage charges.

On November 5, 1934, appellants herein filed their petition, seeking to have the court's order to the sheriff to destroy said property revoked, and to have the court direct the sheriff to permit appellants to repossess such property; or, in the alternative, to enjoin the sheriff from destroying same pending a final hearing on said application. Hearing was had on November 14, 1934, and on December 3, 1934, the district judge entered his order denying appellants any relief, but directing the sheriff to refrain from destroying said beer pending this appeal. From this order Stansbury and Dew have appealed.

■ When, by election duly held, the possession and sale of beer within the town of Brady was made legal, such election, under the constitutional amendment (article 16, § 20, adopted in 1933) and the statutes regulating such possession and sale, destroyed the contraband character of the beer in question as such. Whatever the propriety of the court's action at the time it was taken, the authority to order such beer confiscated was predicated upon article 5114, R.S.1925. That article has since been repealed (Acts 1935, 44th Leg., 2d Called Sess., p. 1795, c. 467, art. 1, § 49 [Vernon's Ann.P.C. art. 666—49]), without any reservation in the repealing act. It therefore became inoperative for any purpose. United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510; Meadows v. State (Tex. Cr.App.) 88 S.W.(2d) 481. Consequently, the order of the District Court directing the sheriff to destroy said property should now be set aside.

■ Since, however, the Legislature in the act which repealed article 5114 along with numerous other articles, both of the Civil Statutes and of the Penal Code, also enacted a comprehensive "Liquor Control Act" (Acts 1935, 44th Leg., 2d Called Sess., c. 467, supra [Vernon's Ann.P.C. art. 666 —1 et seq.]) regulating the possession, sale, etc., of intoxicating liquors, beer, and wine, the rights of the appellants to repossess such property must be determined under the provisions of that act. These matters, of course, the record does not disclose.

For the reasons stated, the order of the district court directing the sheriff to destroy said beer is set aside; and the cause is otherwise reversed and remanded.

Reversed and remanded.